[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11193
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00617-SPC-DNF

ERROL P. CROSSDALE,

Plaintiff-Appellant,

versus

MICHAEL A. CROSSDALE,
STACY BIANCO,
JAMES BIANCO,
PATRICIA CROSSDALE,
LINDA WORTH,
WORTH REALTY, LLC,
property management division,

Defendants-Appellees,

JOHN AND JANE DOE 1 THROUGH 6,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 3, 2015)

Before ED CARNES, Chief Judge, MARCUS, and WILLIAM H. PRYOR, Circuit Judges.

PER CURIAM:

Errol Crossdale appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction.

I.

In 2010, Errol Crossdale's brother Michael Crossdale sued him in Florida state court, claiming that he had fraudulently obtained the deed to Michael's house in Cape Coral, Florida. In two separate judgments, the Florida trial court ruled in favor of Michael. The first granted quiet title to the property and ejectment of Errol. The second judgment awarded Michael $248,000 in compensatory damages and $119,000 in punitive damages. Errol appealed the judgments to the Second District Court of Appeal, which affirmed. Crossdale v. Crossdale, 114 So. 3d 944, 944 (Fla. 2d DCA 2013) (unpublished table opinion). Errol appealed that decision to the Florida Supreme Court, which dismissed the appeal.[1] Crossdale v. Crossdale, 120 So. 3d 560, 560 (Fla. 2013) (unpublished table opinion).

---

[1] The Court of Appeal's order read, in its entirety, "PER CURIAM. Affirmed." Crossdale, 114 So. 3d at 944. The Florida Supreme Court lacks jurisdiction to hear appeals of such orders. Jenkins v. State, 385 So. 2d 1356, 1356–58 (Fla. 1980) (holding that under Art. V, § 3 of the Florida Constitution as amended April 1, 1980, the Florida Supreme Court lacks jurisdiction to review a decision of a district court of appeal that reads in its entirety "Per Curiam Affirmed").

2

Having exhausted his options in state court, Errol sought a fresh start in federal court.  On August 23, 2013, he filed suit pro se in the Middle District of Florida.  His second amended complaint contained eight counts and named as defendants his brother Michael, Stacy Bianco, James Bianco, Patricia Crossdale, Linda Worth, and Worth's company Worthit Realty, LLC.[2]  The complaint sought money damages for racketeering, extortion, theft by deception, conversion, collusion, due process violations, conspiracy, and fraud.  The gist was that "Defendant Michael A. Crossdale unjustly used the [Florida state] court to cheat[,] swindle[,] and to defraud [Errol] out of money and property."  Each count complained of injuries Errol purportedly suffered as a result of the outcome of the state court case.

The defendants moved to dismiss the complaint on the ground that, under the Rooker-Feldman[3] doctrine, the district court lacked subject matter jurisdiction to hear the case.  The district court agreed and dismissed the case on that ground.  This is Errol's appeal.

---

[2] The complaint's caption (and thus our caption) incorrectly lists the company name as "Worth Realty, LLC."  We have used its correct name in the text of this opinion.

[3] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923).

3

II.

We review de novo the district court's application of the Rooker-Feldman doctrine. Lozman v. City of Riviera Beach, 713 F.3d 1066, 1069 (11th Cir. 2013). Put briefly, Rooker-Feldman is a narrow preclusion doctrine that bars a state-court loser from later enlisting a U.S. district court to reverse his state-court loss. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005). The doctrine has its basis in two federal jurisdiction statutes, 28 U.S.C. §§ 1257 and 1331. Section 1331 provides that district courts are courts of "original jurisdiction." They thus generally lack appellate jurisdiction, including appellate jurisdiction over state courts. See 28 U.S.C. § 1331. Instead, appellate jurisdiction over final state court judgments implicating federal law or the federal Constitution is the sole province of the Supreme Court of the United States. Id. § 1257(a); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486–87, 103 S. Ct. 1303, 1317 (1980); Rooker v. Fid. Trust Co., 2673 U.S. 413, 415–16, 44 S. Ct. 149, 150 (1923).

The Supreme Court has limited the Rooker-Feldman doctrine's applicability to those cases in which (1) the plaintiff was the loser in state court, (2) the plaintiff is complaining of an injury caused by the state court's judgment, (3) the state court's judgment was "rendered before the district court proceedings commenced," and (4) the plaintiff is "inviting district court review and rejection" of the state

4

court's judgment. Exxon Mobil, 544 U.S. at 284, 125 S. Ct. at 1521–22. Further, the doctrine applies only to claims that were actually brought in state court or claims that are "inextricably intertwined" with the state court's judgment. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation marks omitted). A claim is "inextricably intertwined" with the state court judgment "if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." Id. (citations and quotation marks omitted).

In this case, the district court correctly determined that it lacked jurisdiction under the Rooker-Feldman doctrine. Errol lost in state court. The state court's decision became final no later than July 18, 2013, which was a month before Errol filed his federal complaint on August 23, 2013. The injuries he complained of in his federal complaint — loss of money and property — resulted from the state court's judgment and "invited district court review and rejection" of the state court judgment. See Exxon Mobil, 544 U.S. at 284, 125 S. Ct. at 1521–22. Errol's argument in the district court could succeed only if that court determined that the Florida state courts were wrong when they ruled that Michael was the rightful owner of the Cape Coral property and that Errol had obtained title to that property through fraud. See Casale, 558 F.3d at 1260. The district court correctly

5

determined it did not have jurisdiction to consider that question.  See Exxon Mobil, 544 U.S. at 284, 125 S. Ct. at 1521–22.

Errol also contends that the state court judgments resulted from fraud on the court and should thus be exempted from Rooker-Feldman.  Even if this court had recognized a fraud exception to that doctrine, which it has not, Errol's argument is little more than a claim that the state court result was wrong and the only possible reason for it was fraud.  That argument is without merit.

**AFFIRMED.**